UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-CV-80901-MARRA

KAREN YONADI,

    Appellant,
vs.

ROSEMARY SILBERSTEIN AND
JEFFREY SILBERSTEIN,

    Appellees,
_____/

**OPINION AND ORDER**

Appellant Karen Yonadi ("Appellant") filed this bankruptcy appeal challenging the Final Judgment entered in favor of the Appellees, Rosemary Silberstein and Jeffrey Silberstein ("Appellees"), by Hon. Erik P. Kimball, in Bankruptcy Case No. 10–17531-EPK.  The parties have fully briefed the issues.  For the reasons that follow, the Court shall affirm the Bankruptcy Court's order.

**Jurisdiction**

District courts have jurisdiction to review appeals from final bankruptcy court judgments, orders and decrees.  28 U.S.C. § 158(a).  Pursuant to the Federal Rules of Bankruptcy Procedure, an appeal of right may be taken as permitted by 28 U.S.C. § 158(a)(1) or (a)(2).  *See* Fed. R. Bankr. P. 8001(a).

**Standard of Review**

Bankruptcy Courts are governed by the Federal Rules of Bankruptcy Procedure.  Fed. R. Bankr. P. 8013 states that a district court shall review the factual findings of a bankruptcy court for clear error.  Fed. R. Bankr. P. 8013.  The District Court reviews *de novo* the conclusions of

law of the bankruptcy court and application of the law to the particular facts of the case. *See In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993).

**Facts Below**

Appellant filed a Complaint to Determine Dischargeability and Objecting to Discharge ("Complaint") against Appellees. In Count I of the Complaint, Appellant alleged that Appellees' debt to her was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) because Appellees fraudulently misappropriated funds. In Count II, Appellant alleged that Appellees' debt to Appellant was non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) because Appellees embezzled funds. In Count III, Appellant alleged that Appellees' debt to her was non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) because Appellees willfully and maliciously caused injury to Appellant or her property. Finally, in Count IV of the Complaint, Appellant objected to Appellees' discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(3) because Appellees transferred their property via an Assignment to hinder, delay, and/or defraud Appellant, and Appellees concealed, falsified, or failed to preserve recorded information.

The Bankruptcy Court held a trial on March 22, 2011, and March 28, 2011. During the trial, the evidence established that Karen Yonadi and Rosemary Silberstein were friends who decided to open a shoe store, Rosie, Inc., selling French Sole brand shoes. Appellant paid $42,000 toward an inventory of shoes, obtained a line of credit, and obtained a corporate American Express card. Rosie, Inc., never received any French Sole inventory and eventually sued and settled with French Sole New York. Appellant became less involved in the store and wanted to be bought out of Rosie, Inc. The store opened and ultimately failed. Appellees caused Rosie, Inc., to complete an assignment for the benefit of creditors.

The Bankruptcy Court delivered an oral ruling during a hearing held on June 6, 2011, and thereafter issued Findings of Fact and Conclusions of Law. The Bankruptcy Court found that Appellant's testimony lacked credibility or appeared coached, while Mrs. Silberstein's testimony was credible. *Findings of Fact and Conclusions of Law* at 3, 5-8, 10-11.

The Bankruptcy Court determined that "[t]here is no evidence to support a conclusion that either debtor transferred, removed, destroyed, mutilated, or concealed their property either before or after the filing of this case." *Id.* at 12.  It therefore denied Appellant's request for relief pursuant to Count IV of the Complaint which sought denial of discharge under 11 U.S.C. §§ 727(a)(2) and 727 (a)(3). *Id.*

The Bankruptcy Court then found that Appellant "failed to meet its [sic] burden of proving any debt obligation owing from either defendant to [Appellant]." *Id.* at 12-13.  It also concluded that Appellant failed to meet her burden of proof under 11 U.S.C. § 523(a)(2)(A) as alleged in Count I of the Complaint because the evidence did not demonstrate any false representations by Appellees. *Id.* at 13.  Moreover, the Bankruptcy Court found that Appellant did not prove by a preponderance of the evidence that Appellees had an intent to deceive Appellant. *Id.* at 13.  Thus, all relief under Count I was denied. *Id.*

The Bankruptcy Court additionally concluded that Appellant did not meet her burden of proving embezzlement pursuant to 11 U.S.C. § 523(a)(4). *Id.*  The Bankruptcy Court found that "the funds alleged to have been converted were funds of the corporation and not the plaintiff's funds." *Id.*  The Bankruptcy Court then explained that the evidence did not support a conclusion that Appellees converted any property or that Appellees had the requisite intent to defraud Appellant. *Id.* at 13-14.  Next, the Bankruptcy Court found that Appellant did not meet her

burden of proving civil theft as there was no "credible evidence to support a finding that either defendant took any action with the intent to harm the plaintiff." *Id.* at 14.  Thus, all relief under Count II was denied. *Id.*

In Count III of the Complaint, Appellant alleged a claim against Appellees under 11 § U.S.C. 523(a)(6) for willful and malicious injury to Appellant or Appellant's property.  *Id.*  The Bankruptcy Court determined that there was no credible evidence to support the claim in Count III of the Complaint.  *Id.* at 15.  The Bankruptcy Court concluded, "[i]n the end, the evidence does not support a finding that either defendant had the requisite intent to harm the plaintiff under the standard outlined by this court in the Levin case.  All relief under Count III is denied." *Id.*  The Bankruptcy Court ultimately entered an Final Judgment in favor of the Appellees.

**Discussion**

Appellant argues on appeal that the Bankruptcy Court erred in rejecting her claim that Appellees' debt owed to her is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) and that the Bankruptcy Court erred in overruling her objection to the Appellees' discharge pursuant to 11 U.S.C. §727(a)(3).  (DE 7).  All of Appellant's arguments challenge the Bankruptcy Court's factual findings, so the Court will review the Bankruptcy Court's order under the clearly erroneous standard.

Federal Rule of Bankruptcy Procedure 8013 states in part, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Fed. R. Bankr. P. 8013.  This Court must therefore give due regard to the Bankruptcy Court in its judgment of the credibility of the different witnesses that testified at trial, and many

of the Bankruptcy's Courts factual findings which are disputed by Appellant are rooted in credibility determinations.  Based on the Court's review of the record evidence, the Bankruptcy Court's factual findings are not clearly erroneous. Therefore, the Bankruptcy Court's order is affirmed.

In light of the foregoing, it is hereby

ORDERED AND ADJUDGED that the Bankruptcy Court's Final Judgment is AFFIRMED.  This case is CLOSED.  All pending motions are DENIED as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of March, 2012.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record